Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff,*
*Joseph-Harvey Ellis*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH-HARVEY ELLIS,**<br><br>                    **Plaintiff,**<br><br>**vs.**<br><br><br>**TRANSWORLD SYSTEMS, INC.,**<br><br>                    **Defendant**. | **Case No:**   '17CV1699 JLS  BGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1.  **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2.  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>3.  **NELIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Complaint for Damages

**INTRODUCTION**

1.  Joseph-Harvey Ellis, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Transworld Systems, Inc. ("Defendant"), with regard to Defendant's unlawful and abusive debt collection practices causing Plaintiff damages.

2.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

///

Complaint for Damages

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA" or "Rosenthal Act") in their entirety.

8. Violations of the FDCPA and RFDCPA by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

9. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to an attempt by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

///

///

Complaint for Damages

**Jurisdiction and Venue**

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.

15. Because Defendant does business within the State of California, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. § 1391.

17. At all times relevant, Defendant conducted business within the State of California.

**Parties**

18. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, City of San Diego, in this judicial district.

19. Plaintiff is informed and believes, and thereon alleges, that that Defendant is, and at all times mentioned herein was, a California corporation. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County and City of San Diego, within this judicial district.

20. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

22. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

4

Complaint for Damages

23.   Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

24.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

25.   This matter arises out of debt allegedly due and owing to The Pain Doctor, Inc. for certain personal medical services as that term is defined under Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

26.   Plaintiff did not ever incur the debt, nor has Plaintiff ever visited the original creditor, The Pain Doctor, Inc., and thus, does not owe the balance of the debt to Defendant or The Pain Doctor, Inc.

27.   Defendant is a company regularly collecting on delinquent debts.

28.   Defendant frequently places calls on delinquent accounts, mails collection correspondences to debtors.

29.   On May 9, 2017, Defendant mailed Plaintiff a debt collection letter to collect the debt owed from February 22, 2013.  The letter stated "Dear JOSEPH HARVEY ELLIS, Please be advised that the above amount has been placed in our office for collection.  Please send your check or money order for the balance in full to the address below."

30.   Further, the letter read "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector."

31.   The May 9, 2017 communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase and a "communication" about "debt" as the terms

5

are defined under 15 U.S.C. § 1692a because Defendant was attempting to collect on a consumer debt on behalf of another entity – The Pain Doctor.

32. The collection letter deceived Plaintiff to believe he owed a debt to Defendant that he did not owe to Defendant.

33. Plaintiff was injured because his privacy rights were infringed upon in the form of harassment by Defendant.

34. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive collection practices, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant's unlawful collection efforts.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. Because Defendant serviced the account and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.

37. Defendant sent Plaintiff a debt collection letter after it knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692c(a)(2) which states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Defendant threatened Plaintiff with a lawsuit it did not initiate in violation of 15 U.S.C. § 1692e and particularly 15 U.S.C. § 1692e(2) which states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . .
> (2) Without limiting the general application of the foregoing, the following conduct is a violation of this section: the false representation of the character, amount, or legal status of any debt.

Complaint for Damages

39. Defendant's collection efforts were therefore false, deceptive, and misleading because Defendant falsely stated that Plaintiff incurred a debt to the Pain Doctor, Inc., on or about 2/22/13, in the amount of $389.03.

40. Defendant's correspondence was false and in violation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10).

41. Defendant's conduct also violation § 1692e(5) because Defendant threatened to collect funds from Plaintiff that Defendant was not entitled to collect.

42. Defendant's fraudulent and misleading conduct was also in violation of § 1692f(1) and 1692f because Defendant attempted to collect more than what it was authorized to collect.

43. As a direct and proximate result of Defendant's violations of the 15 U.S.C. § 1692 et seq, Plaintiff has suffered injury, and may recover statutory damages from Defendant in addition to actual damages and reasonable attorney fees and costs pursuant to the FDCPA.

44. Defendant further violated 15 U.S.C. §§ 1692d and 1692f for using unfair, abusive, and unconscionable means to collect the debt.

45. Plaintiff is entitled to damages as a result of Defendant's violations.

46. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

49. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

50. Defendant in the regular course of business, engages in debt collection and is a

Complaint for Damages

"debt collector" as defined by Cal. Civ. Code § 1788.2(c).

51.   As mentioned above, Defendant did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

52.   Defendant thus violation Cal. Civ. Code § 1788.17 through incorporation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692d, 1692f(1), and 1692f.

53.   Defendant willfully and knowingly violated the RFDCPA.   As a "debt collector" under the RFDCPA it is fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

54.   A willful violation occurs where the violator intends to do the act which makes up the violation.   In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections.   The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."   Defendant's dispatch of the debt collection letter to Plaintiff shows a willful and knowing violation of the RFDCPA.

55.   Plaintiff is entitled to damages as a result of Defendant's willful violations.

56.   Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

69.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70.   Defendant owed a duty of care to Plaintiff to refrain from collecting debts not owed by Plaintiff.

71.   Defendant also owed a duty of care to Plaintiff to not utilize Plaintiff's personal information in the creation of an account that was not authorized by Plaintiff or anyone else.

72.   Defendant's conduct proximately caused injuries to Plaintiff.

8

73. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

74. Plaintiff believes and alleges that Defendant's conduct constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA

75. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

76. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

77. Attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

78. Interest, punitive damages and any other relief the Court deems just and proper.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE RFDCPA

79. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;

80. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, et seq pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32. *Gonzales v. Arrow Financial Services, LLC*, 489 F.Supp.2d 1140, 1143 (S.D. Cal. 2007);

81. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

82. Interest, punitive damages and any other relief the Court deems just and proper.

Complaint for Damages

### THIRD CAUSE OF ACTION
### NEGLIGENCE

83. As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and

84. Interest, punitive damages and any other relief the Court deems just and proper.

### TRIAL BY JURY

84. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date:  August 23, 2017

By:  s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Complaint for Damages